[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO DISMISS (#146).
On April 6, 1998, the court held a hearing pursuant toStandard Tallow Corporation v. Jowdy, 190 Conn. 48 (1983). The plaintiff offered in evidence the bill received from the New York defendant, the results of the skin tissue tests and his check for payment of the defendant's invoice. In addition, the plaintiff offered an affidavit purporting to state the number of tissues samples taken from Connecticut patients which the defendant had examined during a given a period of time. The defendant's heresay CT Page 5560 objection to this document was sustained and the document was excluded.
The affidavit of Dr. Halperin, a principal of the defendant establishes that he is one of a group of physicians which operates under the name of Dermatopathology Associates of New York. Dr. Halperin lives and practices in the State of New York, is not licensed in the State of Connecticut, did not advertise to or solicit the business of the Connecticut physician who sent the tissue specimens to him and did not have offices in the State of Connecticut. The evidence further established that all work done concerning the analysis of the samples was performed in the State of New York and the tissue samples were forwarded to the defendant by a Connecticut physician.
Under General Statutes § 52-59b, jurisdiction may be exercised over a non resident who "(1) transacts any business within the state; or commits a tortious act within the state . . . (3) commits a tortious act outside the state causing injury to person or property within state . . . if the (A) regularly does or solicits business, or engages in other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the state, or expects or should reasonably expect the act to have consequences in the state and derives substantial revenues form interstate of international commerce."
In the determination of the existence of personal jurisdiction the court first must address whether the statute in question authorizes exercise of jurisdiction and if so, whether the assertion of jurisdiction would violate the constitutional principles of due process. Frazer v. McGowen, 198 Conn. 243, 246
(1986); Lombard Bros., Inc. v. General Asset Management Co.,190 Conn. 245, 250 (1983). A due process analysis requires an examination of whether a nonresident defendant in the foreign state has "certain minimum contacts . . . such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice." International Shoe v.Washington, 326 U. S 310, 316, (1945). "The twin touchstones of due process analysis under the minimum contacts doctrine of foreseeability is that the defendant's conduct in connection with the foreign state is such that he should reasonably anticipate being hailed into court in the state." World-Wide Volkswagen Corp. v.Woodson, 44 U.S. 286, CT Page 5561 297 (1980)." The court must determine whether the moving defendant purposely availed itself of the privilege of conducting business activities in Connecticut thereby invoking the benefits and protection of our laws. Hanson v. Denckla, 357 U.S. 235
(1958).
The court finds that the conduct of the defendant described in its affidavit is such that General Statute § 52-59b does not authorize the exercise of personal jurisdiction over it because the defendant did not have sufficient minimum contacts within the State of Connecticut.
Accordingly, the Motion to Dismiss is granted.
MOTTOLESE, JUDGE